## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and among **Applied Data Systems, Inc. ("ADS"), Unilect Corporation ("Unilect") and Jack Gerbel ("Gerbel") (individually a "Party" and collectively the "Parties")**, and is effective the date of the last signature to this Agreement.

### WITNESSETH:

WHEREAS, ADS filed a lawsuit against Unilect and Gerbel in the United States District Court for the Northern District of California, styled *Applied Data Systems, Inc. v. Unilect Corporation and Jack Gerbel,* Case No. C 07-03550-BZ ("the Civil Action");

WHEREAS, to avoid the uncertainties and costs of further and future litigation, ADS, Unilect and Gerbel now desire to effect a full, final, and complete compromise and settlement of all disputes, claims and actions that the parties may have against each other of whatever nature, known or unknown, including but not limited to the Civil Action;

NOW THEREFORE, in consideration of the covenants, mutual promises, warranties and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, ADS, Unilect and Gerbel, intending to be legally bound, agree as follows:

1. <u>Recitals</u>.  The Recitals set forth above are incorporated herein and made a part of this Agreement.

2. <u>Acceptance of Service</u>.  Unilect and Gerbel agree to accept service of the Complaint in this action.

3. <u>Unilect and Gerbel's Acknowledgement of Liability to ADS</u>.  ADS and Unilect entered into a contract for the purchase and sale of computerized products (the "Contract").

Pursuant to the Contract, ADS was to ship computerized products to Unilect, and Unilect was to make payment for the computerized products within 75 days. Gerbel provided ADS with a personal guarantee for payment for all past balances that Unilect owed to ADS, including future finance charges on past invoices, and for payment for future ADS shipments to Unilect (the "Guaranty"). Gerbel and ADS agreed that future finance charges would accrue at the rate of 8.5%. Unilect failed to perform under the Contract. ADS made a demand to Gerbel for payment under the Guaranty, but Gerbel did not make payment. The current amount due under the Contract and the Guaranty is not less than $200,000.00, with interest continuing to accrue on the Guaranty at the rate of 8.5%

4. <u>Unilect/Gerbel Payments to ADS</u>. Unilect and/or Gerbel shall pay ADS a total of One Hundred Thousand Dollars ($100,000.00), payable in installments (the "Installment Payments"), as follows:

    (a)    Thirty-Four Thousand Dollars ($34,000.00) on or before October 1, 2007;

    (b)    Thirty-Three Thousand Dollars ($33,000.00) on or before December 31, 2007; and

    (c)    Thirty-Three Thousand Dollars ($33,000.00) on or before March 31, 2008.

All Installment Payments shall be mailed to the following address:

    Applied Data Systems, Inc.
    Dept. CH 17486
    Palatine, IL  60055-7486

5. <u>Consent Motion to Reopen Case to Enforce the Terms of the Settlement Agreement and For the Court to Enter a Consent Judgment</u>. Unilect and Gerbel shall execute the Consent Motion to Reopen Case to Enforce the Terms of the Settlement Agreement and for the Court to Enter a Consent Judgment ("Consent Motion") and the "Consent Judgment" that are

attached hereto collectively as Exhibit "A." The Consent Motion shall request the Court to reopen the case and enter a Consent Judgment in favor of ADS in the amount of Two Hundred Thousand Dollars ($200,000.00), less any amounts paid under this Agreement.

If Unilect and/or Gerbel defaults in any of the Installment Payments and fails to cure said default within ten (10) calendar days following the date of default, then, upon five (5) calendar days written notice to Unilect and Gerbel, ADS may file the Consent Motion and Consent Judgment requesting the Court to enter a Consent Judgment in the amount of Two Hundred Thousand Dollars ($200,000.00) less credit for any payments made pursuant to this Agreement, and may proceed to collect upon any Judgment entered by the Court.

Notwithstanding the foregoing, if Unilect and/or Gerbel fully performs the terms and conditions set forth herein and makes the Installment Payments in the amounts and on or before the dates set forth above, ADS shall not file the Consent Motion or attempt to collect on the Consent Judgment. Upon full performance of the terms and conditions set forth herein, including but not limited to payment of the Installment Payments, and upon request by Unilect and/or Gerbel, ADS shall return the original Consent Motion and Consent Judgment to Unilect and/or Gerbel and the Parties shall have no other rights or obligations to the other except those specifically set forth in this Agreement.

6. <u>Enforcement</u>. The parties agree for the Court to retain jurisdiction over this Civil Action to enforce the terms of the Agreement. In the event that ADS files the Consent Motion and Consent Judgment, and incurs legal and other expenses to enforce this Agreement, Unilect and Gerbel agree to pay ADS, in addition to any amount due under this Agreement and the Consent Judgment, all such expenses, including but not limited to attorney's fees and court costs.

7.   **Joint Motion for Approval of Settlement Agreement and Voluntary Dismissal of Civil Action, Without Prejudice And With A Right to Move to Reopen To Enforce Settlement Agreement and Request the Court to Enter a Consent Judgment.** The parties shall execute the Joint Motion for Approval of Settlement Agreement and Voluntary Dismissal of Civil Action, Without Prejudice and With a Right to Move to Reopen To Enforce the Settlement Agreement and to Request the Court to Enter a Consent Judgment, in substantially the same form as attached hereto as Exhibit "B" (the "Joint Motion for Voluntary Dismissal"). The Joint Motion for Voluntary Dismissal shall request the Court to retain jurisdiction over this Civil Action to enforce the terms of the Agreement. Upon execution of the Agreement (including the exhibits thereto), ADS shall file the Joint Motion for Voluntary Dismissal.

8.   **Cooperation in the Effectuation of this Agreement.** ADS, Unilect and Gerbel agree to cooperate in good faith to effectuate this Agreement, including taking such steps as are necessary to obtain approval of the terms of this Agreement or to sign any additional documents reasonably necessary to carry out the terms of the Agreement.

9.   **Attorney's Fees and Costs.** Each party hereto acknowledges that it is responsible for its own attorneys' fees and expenses of litigation incurred as of this date in the Civil Action. ADS reserves the right to petition the Court for attorneys' fees and other legal expenses incurred in enforcing this Agreement as provided in paragraph 5 of this Agreement.

10.   **Releases.**

(a) Except to enforce this Agreement, ADS, for itself, its successors, heirs, assigns, affiliates, agents, servants, employees, partners, officers, directors, shareholders, members, and trustees hereby release Unilect, Gerbel, and their respective successors, heirs, assigns, affiliates, agents, servants, employees, partners, officers, directors, shareholders, trustees, accountants, and

4

attorneys from and as to any and all liability, claims, actions, or causes of action, suits, demands, whether in law or in equity, whether known or unknown, either *ex contractu* or *ex delicto*, for damages of every kind, character or description, costs, expenses, compensation, consequential damages or any other thing whatsoever, including attorneys' fees and expenses of litigation, including but not limited to all claims in the Civil Action, from the beginning of time to the date of this Agreement.

(b) Unilect and Gerbel, for themselves, their successors, heirs, assigns, affiliates, agents, servants, employees, partners, officers, directors, shareholders, members, and trustees hereby release ADS and its respective successors, heirs, assigns, affiliates, agents, servants, employees, partners, officers, directors, shareholders, trustees, accountants, and attorneys from and as to any and all liability, claims, actions, or causes of action, suits, demands, whether in law or in equity, whether known or unknown, either *ex contractu* or *ex delicto*, for damages of every kind, character or description, costs, expenses, compensation, consequential damages or any other thing whatsoever, including attorneys' fees and expenses of litigation, including but not limited to all claims in the Civil Action, from the beginning of time to the date of this Agreement.

11.  <u>Binding Effect</u>.  The terms of this Agreement are binding as to each party hereto, their agents, successors, assigns, servants, employees, members, subsidiaries and affiliates.  In the event ADS and/or Unilect subsequently are merged or sold into a different business entity, this Agreement shall be binding upon and inure to the benefit of said successor business entities.

12.  <u>Governing Law</u>.   All matters pertaining to the validity, construction, interpretation, and effect of this Agreement shall be governed by and under the laws of the State of California.

13. <u>Entire Understanding</u>. This Agreement contains the entire understanding and agreement by and among the Parties hereto with regard to the matters addressed herein and is intended to settle all claims and disputes related to those matters on the grounds set forth herein. This Agreement supersedes any prior understandings or agreements, whether oral, implied or written, and none of the parties is relying on any promises, representations, communications, statements, assertions, declarations, omissions, agreements, arrangements, or understandings, whether oral, implied, or written, that is not fully expressed herein. Additionally, the consideration recited herein is the full, complete, and entire consideration for this Agreement.

14. <u>Joint Drafting</u>. This Agreement was prepared by the joint efforts of the Parties and it is agreed that this Agreement shall be construed as if each Party contributed equally to the preparation of this Agreement. Any rule of construction of contracts resolving ambiguities against the drafting party shall be inapplicable to this Agreement.

15. <u>No Assignment</u>: The Parties and each of them, represent and warrant: (i) that no other person or entity had or has or claims any interest in the claims, demands, cause of action, obligations, damages or liabilities covered by this Agreement; (ii) that they, and each of them, have the sole right and exclusive authority to execute this Agreement; and (iii) that they have not heretofore assigned or transferred or purported to transfer or assign to any person, firm, or corporation, any claim, demand, damages, debt, liability, action, or cause of action released by this Agreement. The Parties hereto agree to indemnify and hold harmless each other against any claim, demand, damages, debt, liability, action, cause of action, cost of expense including attorneys' fees actually paid or incurred, arising out of or in connection with any such transfer or assignment or purported or claimed transfer or assignment.

16. <u>Advice Of Attorneys</u>. The Parties hereto enter into this Agreement freely, each upon the advice of attorneys of its own choosing. Each Party acknowledges and verifies that it fully understands the terms of this Agreement.

17. <u>Amendment Of Agreement</u>. This Agreement may not be changed orally but only by a writing signed by all the Parties hereto.

18. <u>Capacity</u>. The Parties warrant and represent that they have read this Agreement, that they fully understand the terms, conditions, requirements and effect of this Agreement, that they execute this Agreement freely and voluntarily, without threat, duress, coercion, or promise of consideration other than as specifically set forth herein, that they are competent and have the power and authority to execute this Agreement and perform the obligations hereunder. Each person executing this Agreement on each party's behalf represents that he or she has been authorized to sign on behalf of the respective Party and to bind each to the terms of this Agreement.

19. <u>Headings</u>. The headings to the various paragraphs to this Agreement have been inserted for purposes of reference only and shall not limit or define the express terms and provisions of this Agreement.

20. <u>Waiver</u>. The waiver of either Party of default hereunder shall not operate as a waiver of any future default under this Agreement.

21. Notice. When any notice herein is to be given to either Party, notice may be given by personal delivery, registered or certified mail, return receipt requested, overnight courier service, or by facsimile to:

**Applied Data Systems, Inc.**  Attn: Robert Olsen
10260 G Old Columbia Road
Columbia, MD 21046
(301) 490 4007

With copy to:  Leo G. Rydzewski
Holland & Knight LLP
2099 Pennsylvania Avenue NW
Washington, D.C. 20006
202-955-3000

**Unilect Corporation and Jack Gerbel:**  Attn: Jack Gerbel
Unilect Corporation
P.O. Box 3026
Danville, CA 94526

22. Execution in Counterparts. This Agreement and the exhibits hereto may be executed in counterparts. All parties will sign two copies of this Agreement and each copy will be considered an original. The Parties agree, however, that signatures as transmitted by facsimile shall be valid as proof of due execution of this Agreement.

23. Time is of the Essence. The Parties hereto further agree that time is of the essence in all respects regarding this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused these presents to be executed and their respective seals to be affixed hereunder as of the day and year indicated by their respective signatures.

Sworn to and subscribed before me this 15 day of August, 2007.

_____
NOTARY PUBLIC
My Commission Expires: 6/1/2010

JANONE M. ELDRIDGE
Notary Public, Carroll County, Maryland
My Commission Expires June 1, 2010

Applied Data Systems, Inc.

_____
By: Robert Olsen,

_____
Leo Rydzewski, Holland & Knight LLP
Counsel for Applied Data Systems, Inc.

Read and approved by:

Sworn to and subscribed before me this 13th day of August, 2007.

_____
NOTARY PUBLIC
My Commission Expires: Apr. 25, 2010

CAROL DIANE STEFANOVICH
Commission # 1655232
Notary Public — California
Contra Costa County
My Comm. Expires Apr 25, 2010

Unilect Corporation

_____
Jack Gerbel, President

_____
Jack Gerbel

# 4684967_v3

9